IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO URIETA,<br><br>        Petitioner,<br><br>  vs.<br><br>BEN CURRY, Warden,<br><br>        Respondent. | No. C 07-3935 RMW (PR)<br><br>ORDER TO SHOW CAUSE; DENYING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>(Docket No. 3) |

Petitioner, a state prisoner proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the finding by the California Board of Parole Hearings ("Board") that petitioner is unsuitable for parole. Petitioner also filed a motion to proceed in forma pauperis and then subsequently paid the filing fee. The court orders respondent to show cause why the petition should not be granted, and will DENY the motion to proceed in forma pauperis (Docket No. 3) as moot..

**STATEMENT**

In 1987, petitioner was sentenced to fifteen years-to-life in state prison after his conviction for second degree murder in Los Angeles Superior Court. After his seventh parole suitability hearing in 2005, the Board found petitioner unsuitable for parole.

1 Petitioner challenged this finding in a habeas petition filed in the California Supreme
2 Court. Petitioner thereafter filed the instant petition.

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B. <u>Petitioner's Claims</u>

As grounds for federal habeas relief, petitioner alleges: (1) the Board violated the due process clause of the United States Constitution by finding petitioner unsuitable for parole without supporting evidence; (2) the state courts failed to apply contract law in denying petitioner's state habeas petition; (3) by denying petitioner parole, the Board breached his plea agreement and has increased petitioner's punishment for second degree murder to the punishment for a first degree murder conviction; and (4) the California Supreme Court's interpretation of California Penal Code § 3041(a) and related regulations violated petitioner's right to due process and the Ex Post Facto Clause of the federal constitution. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

## CONCLUSION

1. The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

Order to Show Cause
P:\pro-se\sj.rmw\hc.07\Urieta935osc        2

1       2.      Respondent shall file with the court and serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

        If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

        3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

        4.      It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

        5.      In light of petitioner's payment of the filing fee, his motion to proceed in forma pauperis (Docket No. 3) is DENIED as moot..

        IT IS SO ORDERED.

DATED:   2/22/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order to Show Cause
P:\pro-se\sj.rmw\hc.07\Urieta935osc          3

On ____2/25/08_____, a copy of this order was mailed to the following:

Robert Urieta
D-61987
Correctional Training Facility
P.O. Box 689
Soledad, CA  93060-0689

Order to Show Cause
P:\pro-se\sj.rmw\hc.07\Urieta935osc                4