1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  STACEY D. SCHESSER, State Bar No. 245735
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5774
    Fax:  (415) 703-5843
8   Email:  Stacey.Schesser@doj.ca.gov

9  Attorneys for Respondent Warden Ben Curry

10

11            IN THE UNITED STATES DISTRICT COURT

12           FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN JOSE DIVISION

14

15  **ROBERTO URIETA,**                    C 07-3935 RMW

16                        Petitioner,      **RESPONDENT'S ANSWER TO THE
                                           ORDER TO SHOW CAUSE;**
17          v.                             **SUPPORTING MEMORANDUM OF
                                           POINTS AND AUTHORITIES**
18  **BEN CURRY,**

19                        Respondent.      Judge:  The Honorable Ronald M. Whyte

20

21                    **INTRODUCTION**

22      Petitioner Roberto Urieta is a California state prisoner proceeding pro se in this habeas

23  corpus matter in which he challenges the Board of Parole Hearings' September 29, 2005 decision

24  denying him parole.[1/]  Urieta contends that the Board violated his right to federal due process by

25

26  ─────────────────────────────────────────

27      1.  A proper habeas respondent is the person having custody of the petitioner, such as the
    warden.  Rules Governing § 2254 Cases, Rule 2(a).  But because the actions complained of in this
28  Petition concern a parole consideration hearing, "the Board" and "Respondent" will be used
    interchangeably for convenience only.

Resp't's Answer; Supporting Mem. of P. & A.                    *Urieta v. Curry*
                                                               C 07-3935 RMW

                              1

1   denying him parole without a sufficient evidentiary basis and that the state court misapplied the

2   law of contract when reviewing his plea agreement.

3        However, Urieta received all the federal process he was due in considering his parole

4   suitability, and the state court's denial of Urieta's state habeas petition was not contrary to or an

5   unreasonable application of United States Supreme Court law. Therefore, this Court should deny

6   the Petition and the Board's decision must stand.

7        This Court issued an order to show cause on January 8, 2008. Respondent answers as

8   follows:

9                                    **ANSWER**

10       Respondent hereby admits, denies, and alleges the following in response to the Petition for

11  Writ of Habeas Corpus filed in this Court on February 22, 2008:

12       1.    Respondent affirmatively alleges that Urieta is lawfully in the custody of the California

13  Department of Corrections and Rehabilitation following his July 8, 1987 conviction for second-

14  degree murder with the use of a firearm. (Ex. 1, Abstracts of J.) He is currently serving an

15  indeterminate sentence of fifteen years to life. (*Id.*) Urieta does not challenge this conviction in

16  the instant action.

17       2.    Respondent alleges that on June 5, 1986, Urieta and a friend drove to West Pico

18  Boulevard and Urieta shot the victim with a .25 caliber hand gun. Urieta was a passenger in the

19  car and the shooter. The victim died at the scene. (Ex. 2, Hearing Tr.; Ex. 3, May 1999 Board

20  Report.)

21       3.    Respondent admits that Urieta received a parole consideration hearing before the

22  Board of Parole Hearings on September 29, 2005. The Board found Urieta unsuitable for parole.

23  The Board based its decision on the commitment offense, finding that it was carried out in a

24  especially cruel and callous manner which demonstrates an exceptionally callous disregard for

25  human life. (Ex. 2 at 79.) In particular, the Board emphasized that the crime was committed in

26  an open area, where other individuals could have been injured or killed. (*Id.*) The motive for the

27  crime was also very trivial, as the Board noted that the stated motive was that the "inmate and his

28  crime partners were going to scare the victim." (*Id.*) The Board also found that this crime

Resp't's Answer; Supporting Mem. of P. & A.                              *Urieta v. Curry*
                                                                        C 07-3935 RMW

1  involved gang retaliation based on the statement of facts in the September 2005 Board Report.

2  (*Id.* at 80; Ex. 4, September 2005 Board Report.)  The Board noted past convictions for battery

3  and assault with a deadly weapon, and found that these convictions tended to show unsuitability

4  because they were previous occasions where Urieta inflicted or attempted to inflict serious injury

5  on a victim. (Ex. 2 at 80; Ex. 4.)  The Board also found that Urieta had an escalating pattern of

6  violent criminal conduct based on violations as a juvenile and as an adult, and had served both

7  jail time and probation sentences. (Ex. 2 at 80; Ex. 4.)   The Board found that Urieta had realistic

8  parole plans and commended him on his favorable gains, such as a disciplinary free record, but

9  felt that these positive factors did not outweigh the factors of unsuitability.  (Ex. 2 at 80-82.)

10      4.    Respondent admits that Urieta filed a petition for habeas corpus in the California

11  Supreme Court generally alleging the same claims that he alleges here. (Ex. 5, Sup. Ct. Pet.[2])

12  Respondent further admits that the California Supreme Court summarily denied Urieta's petition

13  without comment or citation on October 25, 2006. (Ex. 6, California Supreme Court Denial.)

14      5.    Respondent admits that Urieta thus exhausted his state court remedies in regard to the

15  claims alleged here stemming from the Board's 2005 denial.  28 U.S.C. §2254(b).  However,

16  Respondent denies that Urieta exhausted his claims to the extent that they are more broadly

17  interpreted to encompass any systematic issues beyond the 2005 Board denial.

18      6.    Respondent denies that Urieta presents the proper standard of judicial review in federal

19  habeas when he argues contentions based on decisions that are not clearly established Supreme

20  Court law. (*See* Pet. at 4-16.)

21      7.    Respondent preserves the argument that Urieta does not have a federally protected

22  liberty interest in parole.  *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1,

23  12 (1979) (liberty interest in conditional parole release date created by unique structure and

24  language of state parole statute); *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (California's

25  parole scheme is a two-step process that does not impose a mandatory duty to grant life inmates

26  _____

27      2. To avoid a voluminous and repetitive filing, Respondent does not include the exhibits to
   the state court habeas petition as exhibits to this Answer.  Respondent will of course provide this
28  Court with its copies of those exhibits upon request.

1  parole before a suitability finding); and *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (no federal

2  liberty interest is created unless an action imposes an atypical or significant hardship compared

3  with ordinary prison life). *Contra Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th

4  Cir. 2006) (holding that California inmates have a federally protected liberty interest in a parole

5  date).

6      8.   Respondent denies that the state court denial of habeas corpus relief was contrary to, or

7  involved an unreasonable application of, clearly established United States Supreme Court law, or

8  that the denial was based on an unreasonable interpretation of facts in light of the evidence

9  presented. 28 U.S.C. § 2254(d). Urieta therefore fails to make a case for relief under AEDPA.

10      9.   Respondent affirmatively alleges that even if Urieta has a federally protected liberty

11  interest in parole, he received all the process due under clearly established Supreme Court

12  authority. *Greenholtz*, 442 U.S. at 16. Urieta had an opportunity to present his case to the Board

13  (*e.g.*, Ex. 2 at 76-77), and that the Board provided him with a detailed explanation for his parole

14  denial (Ex. 2 at 79-82). Urieta also received timely notice of the hearing, and was represented by

15  an attorney at the hearing. (Ex. 2 at 2.)

16      10.   Respondent affirmatively alleges that the some-evidence standard does not apply in

17  federal habeas proceedings challenging parole denials because it is not clearly established

18  Supreme Court law. To the extent that this Court disagrees and finds that the some-evidence

19  standard derived from the prison disciplinary context applies here, Respondent alleges that the

20  state court correctly determined that some evidence supports the Board's 2005 denial. (Ex. 6.)

21  *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (applying the some-evidence standard to

22  prison disciplinary hearings); *In re Rosenkrantz*, 29 Cal. 4th 616, 677 (2002); *Dannenberg*, 34

23  Cal. 4th at 1094-95.

24      11.   Respondent affirmatively alleges that the Board is permitted to deny parole based on

25  unchanging factors because there is no clearly established federal law that prohibits the Board

26  from relying on these factors when determining parole suitability. Respondent also denies that

27  the commitment offense has lost its predictive value and no longer constitutes evidence that

28  Urieta poses an unreasonable risk of danger to society.

Resp't's Answer; Supporting Mem. of P. & A.

*Urieta v. Curry*
C 07-3935 RMW

1    12.   Respondent denies that Urieta has served a term beyond that contemplated by his

2  sentence, which carries a maximum term of life imprisonment.  Respondent further denies that

3  Urieta has served beyond the applicable state law sentencing matrix.  Under the state regulations,

4  no matter how long an inmate has been confined, his release date will not be calculated until he

5  is first found suitable for parole.  (Cal. Penal Code, § 3041(b); Cal. Code of Regs., tit. 15, §

6  2402; *In re Dannenberg,* 34 Cal.4th 1061, 1079 (Cal. 2005) ("If such a murderer is *found*

7  *suitable* to have a parole release date set under section 3041, subdivision (a), the regulations

8  specify that the inmate's release date is to be set by calculating a "base term." [emphasis added].)

9    13.   Respondent denies that the Board's denial heightens Petitioner's crime from a second-

10  degree to a first-degree murder.  Urieta is sentenced to a life term and therefore, may serve up to

11  that maximum sentence.  Respondent further denies that the California Supreme Court overruled

12  Penal Code section 3041(a) in deciding *In re Rosenkrantz,* 29 Cal. 4th 616 (Cal. 2002) or *In re*

13  *Dannenberg*, 34 Cal. 4th 1061 (Cal. 2005).

14    14.   Respondent denies that Urieta is serving a life sentence without the possibility of

15  parole.  Although the Board denied parole in 2005, Urieta has not shown that the Board will not

16  find him suitable for parole at some point in the future.

17    15.   Respondent denies that any federal law requires the Board to consider the uniformity of

18  sentences when considering an inmate's suitability for parole.

19    16.   Respondent denies that Urieta presents a federal question when he contends that the

20  state courts improperly applied or interpreted state law.  Alleged errors in the application of state

21  law are not cognizable in federal habeas corpus.  *Pulley v. Harris*, 465 U.S. 37, 41 (1984);

22  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1984).

23    17.   Respondent denies that Urieta's plea agreement has not been carried out pursuant to

24  contract law principles, or that the state is not enforcing the terms of his plea agreement.  First, as

25  Urieta repeatedly states, he pled to a sentence of fifteen-years-to-life.  (Ex. 2 at 17-35.)  Second,

26  Urieta fails to provide proof that his plea agreement shortened or amended this life term.  (Petn.

27  at Ex. B, 22-24.)  *See Santobello v. New York*, 404 U.S. 257 (1971).  In fact, the transcript of his

28  sentencing explicitly states that Urieta "is sentenced to state prison for fifteen years to life." (*Id.*

1    at 24.) Respondent denies that Urieta lacked fair notice of his full term. Thus, the state court's

2    denial of this claim was based on an reasonable interpretation of the facts presented, and Urieta

3    has failed to present evidence to the contrary. *See Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987)

4    (construction of state court plea agreement is governed by state contract law, and federal court

5    should not disturb a reasonable state court interpretation).

6       18. Respondent further denies that Urieta presents a timely claim when he challenges the

7    execution of his plea agreement. (Pet. at 17-35.) Urieta began serving his life term in 1987 and

8    had his initial parole consideration hearing in 1995, yet he provides no explanation for waiting

9    until now to challenge his plea agreement. 28 U.S.C. § 2244(d)(1)(D) (one-year statute of

10    limitations for AEDPA claims); *Calderon v. United States District Court (Beeler),* 128 F.3d

11    1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States*

12    *District Court (Kelly),* 163 F.3d 530 (9th Cir. 1998) (en banc).

13       19. Respondent admits that, except for his plea bargain claim, Urieta's claims are timely

14    under 28 U.S.C. § 2244(d)(1), and are not barred by any other procedural defense.

15       20. Respondent denies that Urieta is entitled to release.

16       21. Respondent denies that an evidentiary hearing is necessary in this matter.

17       22. Respondent affirmatively alleges that Urieta establishes no grounds for habeas relief.

18       23. Except as expressly admitted above, Respondent denies every allegation in the Petition,

19    and specifically denies any violation of Jones's administrative, constitutional, or statutory rights.

20       Thus, Respondent requests that this Court deny the Petition and dismiss these proceedings.

21    **MEMORANDUM OF POINTS AND AUTHORITIES**

22    **ARGUMENT**

23    **I.**

24    **URIETA FAILS TO SHOW THAT HABEAS RELIEF IS WARRANTED UNDER AEDPA WITH RESPECT TO HIS CLAIM THAT THE BOARD**
25    **VIOLATED HIS DUE PROCESS RIGHTS WHEN DENYING PAROLE.**

26    Under AEDPA, a federal court may grant a writ of habeas corpus on a claim that a state

27    court already adjudicated on the merits only if the state court's adjudication was either: 1)

28    "contrary to, or involved an unreasonable application of, clearly established Federal law, as

1    determined by the Supreme Court of the United States;" or 2) "based on an unreasonable

2    determination of the facts in light of the evidence presented at the State Court proceeding." 28

3    U.S.C. § 2254(d)(1-2) (2000). The state court decision denying Urieta's claim for habeas relief

4    was neither contrary to or an unreasonable application of federal law. Therefore, Urieta fails to

5    establish a violation of AEDPA standards, and the state court decision must stand.

6    **A.    The State Court Decision Was Not Contrary to Clearly Established Federal
         Law.**

7

8        The statutory language in 28 U.S.C. § 2254(d)(1) explicitly limits the scope of "clearly

9    established Federal law" to decisions "determined by the Supreme Court of the United States."

10   In interpreting this portion of the statute, the United States Supreme Court further elaborated on

11   the requirement of "clearly established law" under AEDPA: "If this Court has not broken

12   sufficient legal ground to establish an asked-for constitutional principle, the lower federal courts

13   cannot themselves establish such a principle with clarity sufficient to satisfy the AEDPA bar."

14   *(Terry) Williams v. Taylor*, 529 U.S. 362, 381 (2000). Thus, district and appellate court

15   decisions on questions of law which the Supreme Court has not clearly ruled on do not qualify as

16   "clearly established Federal law."

17       The case in which the Supreme Court has clearly ruled on what due process protections are

18   required in a state parole system is *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979).

19   The Court held that the only process due with respect to parole consideration is an opportunity

20   for the inmate to present his case, and an explanation for a parole denial. *Greenholtz*, 442 U.S. at

21   16. Urieta's claim fails because he received both of these protections.

22       At his hearing, Urieta had an opportunity to present his case to the Board and he received an

23   explanation as to why the Board denied parole. (*See generally* Ex. 2.) Urieta does not contend

24   otherwise in his Petition. Because Urieta received all the federal constitutional rights under

25   *Greenholtz*, the state court's decision is not in conflict with clearly established federal law.

26   Accordingly, the Petition must be denied.

27   ///

28   ///

Resp't's Answer; Supporting Mem. of P. & A.                    *Urieta v. Curry*
                                                               C 07-3935 RMW

1.  **It Is Improper to Import the Some-Evidence Test to Determine Whether Due Process Is Satisfied Because Prison Disciplinary Decisions are Factually Distinctive from State Parole Consideration Determinations.**

Urieta invites this Court to consider and weigh the evidence reviewed by the Board, which has no basis in clearly established Supreme Court law. In fact, in *Greenholtz*, the Supreme Court wrote, "nothing in due process concepts as they have thus far evolved requires the Parole Board to specify the particular 'evidence' in the inmate's file or at his interview on which it rests the discretionary determination that an inmate is not ready for conditional release." *Greenholtz*, 442 U.S. at 15.

Moreover, the United States Supreme Court has never held that a parole denial by the Board must be supported by the some-evidence standard Urieta advocates. Urieta's use of the some-evidence standard is derived from *Hill*, in which the Supreme Court considered a challenge by two inmates who lost 100 days of good-time credits after a prison disciplinary board determined that they were involved in an assault on another inmate. *Superintendent v. Hill*, 472 U.S. 445, 448 (1985). The Supreme Court held that the prison disciplinary board's decision must be supported by some evidence, even if meager or indirect evidence, in order to satisfy due process. *Id.* at 457. However, nothing in *Hill* discussed the federal process due an inmate in the context of parole consideration hearings. For purposes of AEDPA, then, *Hill's* some-evidence standard cannot be considered clearly established federal law. *(Terry) Williams*, 529 U.S. at 381.

In addition, the Supreme Court has held that it is error to import a federal test derived in one factual situation to a completely different factual scenario in *Carey v. Musladin*, __ U.S. __, 127 S. Ct. 649, 653-54 (2006) [holding that the clearly-established test for inherent prejudice that governs state-sponsored conduct is not a clearly established standard for evaluating spectator conduct]; *see also Schriro v. Landrigan*, __ U.S. __, 127 S. Ct. 1933, 1942 (2007). In *Hill*, the specific issue presented was due process protections in a prison disciplinary hearing and not parole consideration, as it is here.

As recently affirmed by the Ninth Circuit in *Stenson v. Lambert*, "when the Supreme Court has not addressed an issue in its holding, a state court adjudication of the issue not addressed by the Supreme Court cannot be contrary to, or an unreasonable application of, clearly established

Resp't's Answer; Supporting Mem. of P. & A.                               *Urieta v. Curry*
                                                                          C 07-3935 RMW

1   federal law." ___ F.3d___, 2007 WL 2782551 at *5 (9th Cir. 2007); *see also Foote v. Del Papa*,

2   492 F.3d 1026, 1029-30 (9th Cir. 2007); *Nguyen v. Garcia*, 477 F.3d 716 (9th Cir. 2007). "What

3   matters are the holdings of the Supreme Court, not the holdings of lower federal courts."

4   *Plumlee v. Masto*, ___ F.3d ___, No. 04-15101, 2008 U.S. App. LEXIS 985, *14 (9th Cir.

5   January 17, 2008).

6       Given that *Hill* applied the some-evidence standard to a prison disciplinary hearing and

7   Urieta contests a parole denial, the some-evidence standard does not apply to this case. Because

8   *Greenholtz* is the *only* United States Supreme Court authority describing the process due at a

9   parole consideration hearing when an inmate has a federal liberty interest in parole, the

10  *Greenholtz* test, not the some-evidence standard, should apply in this proceeding. Regardless,

11  Respondent recognizes that the Ninth Circuit has held otherwise, most recently affirmed in

12  *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), and will argue this case accordingly.

13  **B.    The State Court Decision Upholding the Board's Denial of Parole Was
           Reasonable Applications of *Hill*.**

14

15      Assuming that Urieta has a federally protected liberty interest in parole and that the

16  "minimally stringent" some-evidence standard applies, this Court can only grant relief if the state

17  courts' decisions were unreasonable applications of *Superintendent v. Hill*. Under *Hill*, due

18  process is satisfied if there is "any evidence in the record that could support the conclusion

19  reached by the disciplinary board." *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)

20  (applying some-evidence standard to prison disciplinary hearing). The some-evidence standard

21  "does not require examination of the entire record, independent assessment of the credibility of

22  witnesses, or weighing of the evidence;" rather, it assures that "the record is not so devoid of

23  evidence that the findings of the . . . board were without support or otherwise arbitrary." *Hill*,

24  472 U.S. at 455, 457.

25      Under AEDPA, state-court judgments must be upheld unless a federal court is convinced

26  that a prisoner's custody violates the Constitution. *(Terry) Williams*, 529 U.S. at 389. Thus, both

27  the "reasonable application" standard of AEDPA and the some-evidence standard of *Hill* are very

28  minimal standards of review.

1    When, as here, the California Supreme Court summarily denies a habeas petition without

2    comment or citation, it still is considered a decision on the merits and is entitled to deference

3    under AEDPA. *Harris v. Superior Court of California*, (9th Cir. 1974) 500 F.2d 1124, 1128-

4    1129, *Hunter v. Aispuro*, (9th Cir. 1991) 982 F.2d 344, 347-48.  Contrary to Urieta's contention,

5    the role of the Court is not to determine the proper weight of the evidence or evaluate the

6    importance the Board gives to evidence in the record, but to determine whether any evidence in

7    the record to support the factual basis of the Board's determination.

8        Because there is more than an modicum of evidence to support the factual basis of the

9    Board's decision to deny parole – namely the gravity of the commitment offense, Urieta's

10   criminal history as both a juvenile and an adult, the role of gang retaliation in the commitment

11   offense, and previous occasions where he inflicted or attempted to inflict violence on another –

12   the state court's decision was not an unreasonable application of *Hill*.  (Exs. 2-4.)  Because

13   Urieta fails to show that the state court was unreasonable in its application of *Hill*, the Petition

14   must be denied.

15                                            **II.**

16   **URIETA FAILS TO PRESENT A CLAIM UNDER AEDPA WHEN HE**
     **ARGUES THAT HIS DUE PROCESS RIGHTS WERE VIOLATED BY A**
17   **CONTINUED RELIANCE ON THE COMMITMENT OFFENSE.**

18       Urieta contends that his federal due process rights were violated by the Board's reliance on

19   the commitment offense.  (Petn. at 15-16.)  Not only does Urieta fail to frame this claim as a

20   challenge under AEDPA, but he fails to cite any clearly established Supreme Court law that

21   concludes that relying on unchanging factors, such as the murder offense, violates a

22   constitutional right.  Furthermore, no Supreme Court precedent permits any federal court to

23   engage in weighing or deliberating the value of evidence to determine if due process was violated

24   in the parole consideration process.  If anything, *Greenholtz* clearly prohibits this type of judicial

25   intrusion.  *See Greenholtz,* 442 U.S. at 15.

26       While it is true that the Ninth Circuit has held that continued reliance on an unchanging

27   factor to deny parole "could result in a due process violation," it did not definitively indicate that

28   reliance on an unchanging factor necessarily violates due process – only that it *possibly* could.

Resp't's Answer; Supporting Mem. of P. & A.                                          *Urieta v. Curry*
                                                                                     C 07-3935 RMW

1  *Biggs v. Terhune* 334 F.3d 910, 917 (9th Cir. 2003). Even more, this statement was found in the

2  circuit court's dicta, and therefore cannot be construed as clearly established federal law

3  sufficient to overturn a state court decision under AEDPA standards. *(Terry) Williams,* 529 U.S.

4  at 412 (O'Connor, J., concurring) (noting that the phrase "clearly established Federal law, as

5  determined by [this] Court" refers to the holdings, as opposed to the dicta, of this Court's

6  decisions as of the time of the relevant state-court decision). Thus, the state court decisions were

7  not contrary to or an unreasonable application of clearly established law with respect to this

8  claim.

9       Finally, if this Court were to intervene on the basis of this claim, interests and concerns for

10  preserving comity in the federal habeas context would certainly be disturbed. In interpreting

11  AEDPA, the Supreme Court emphasized "the well-recognized interest in ensuring that federal

12  courts interpret federal law in a uniform way." *(Terry) Williams,* 529 U.S. at 389. AEDPA

13  provides for uniformity by vesting federal courts with review of state-court judgments to

14  determine constitutional violations based on "law as determined by the Supreme Court of the

15  United States." *Id.* Accordingly, because the Supreme Court has never found that a reliance on

16  the commitment offense or unchanging factors violates due process rights or the Constitution, a

17  federal court cannot find that a state court judgment was unreasonable on this basis. Such

18  judicial action would offend the interest in comity. *See (Michael) Williams v. Taylor,* 529 U.S.

19  420, 436 (2000) (affirming AEDPA's legislative purpose of "comity, finality, and federalism"

20  and effect of advancing the delicate balance between federal and state courts). Thus, claiming

21  that a continued reliance on unchanging factors is a due process violation has no merit within the

22  framework of AEDPA and should be denied.

## CONCLUSION

23

24       To invalidate the Board's parole denial under AEDPA, Urieta must show that the state court

25  decisions denying habeas relief were contrary to, or an unreasonable interpretation of, clearly

26  established Supreme Court law, or that the decisions involved unreasonable factual

27  determinations. Urieta fails to make these showings. First, Urieta received all process due under

28  *Greenholtz,* the only clearly established federal law specifying due process in a parole setting.

Resp't's Answer; Supporting Mem. of P. & A.                                    *Urieta v. Curry*
                                                                               C 07-3935 RMW

1   Second, the state court decisions denying Urieta parole did not apply the some-evidence standard

2   in a manner involving an unreasonable application of United States Supreme Court law because

3   some evidence supports the Board's denial of parole.  Respondent respectfully requests that this

4   Court deny Urieta's Petition for Writ of Habeas Corpus.

5

6       Dated:  April 21, 2008

7                                  Respectfully submitted,

8                                  EDMUND G. BROWN JR.
                                   Attorney General of the State of California

9                                  DANE R. GILLETTE
                                   Chief Assistant Attorney General
10

11                                 JULIE L. GARLAND
                                   Senior Assistant Attorney General

12                                 ANYA M. BINSACCA
                                   Supervising Deputy Attorney General

13

14                                 *Stacey D. Schesser*

15

16                                 STACEY D. SCHESSER
                                   Deputy Attorney General
17                                 Attorneys for Respondent

18      40242495.wpd
19      SF2008401105

20

21

22

23

24

25

26

27

28

Resp't's Answer; Supporting Mem. of P. & A.                        *Urieta v. Curry*
                                                                   C 07-3935 RMW

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Urieta v. Curry**

No.:   **C 07-3935 RMW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 21, 2008,</u> I served the attached

### RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Roberto A. Urieta**
**D-61987**
**Correctional Training Facility**
**CW-342-L**
**P. O. Box 689**
**Soledad, CA 93960**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 21, 2008, at San Francisco, California.

|  |  |
|---|---|
| L. Santos | ∖ⅈ∪ |
| Declarant | Signature |

40243985.wpd