Roberto Urieta D-61987
P.O.BOX 689-ZW-134
Soledad, Ca. 93960

FILED

2008 MAY 20 P 3: 13

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA/S.J.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| Roberto Urieta ) | Case No. C 07-3935 (RMW) |
| Petitioner ) | |
| ) | Traverse To Respondent's Answer to Order to |
| v ) | Show Cause |
| Ben Curry, Warden ) | |
| Respondent ) | |

On April 23, 08 Petitioner received Respondent's Answer to Order to Show Cause.

Petitioner contends the decisions of the state court was contrary to or involved an unreasonable application of the clearly established law by the United States Supreme Court. Williams v. Taylor, 529 U.S. 362, 405-413, 120 S. CT. 1495, 1519-1524 (2000).

"A"

Petitioner presented his federal petition in the federal court under the proper standard of judicial review by arguing federal claims based on clearly established federal law by decisions of the UNited States Supreme Court.

1

(a)  Petitioner possesses Protected LIberty Interest in Parole Consideration Hearins.

The munimum requirement of procedural due process being a matter of federal law, they are not disminished by the fact that the state may have specified its own procedures that it may deem adequate. Santoske v. Kramer, 455 U.S. 745, 755, 71 L. Ed.2d 599, 608 (1982); Mullaney v. Wilbur, 421 U.S. 684, 689, 95 S. Ct. 1881, 1884-1885 (1975).

The Federal Courts have determined that the prisoners in California who are serving 15 and 25-years to life sentences possess protected liberty interest in parole suitability decisions. Sass v. Cal. Bd. of Prison Terms, 461 F. 3d 1123, 1128 (9th Cir. 2006); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003).

In addition it is clearly established by the United States Supreme Court that when a prison regulation or practice offends a fundamental constitutional guarantee fedaral courts will discharge their duty to protect constitutional rights. Procunier v. Martinez, 416 U.S. 396, 405, 94 S. Ct. 1800, 1807-1808 (1974); Jones v. N.C. Prisoners Labor UNion Inc., 433 U.S. 119, 143, 97 S. Ct. 2532, 2547 (1977); Turner v. Safley, 482 U.S. 78, 84, 107 S. Ct. 2254, 2259 (1987).


(b)  The some evidence required by the due process in parole suitability decisions
     is a clearly established federal law by the United States Supreme Court .

It is clearly established law by the United States Supreme Court that "The touchstone of due process is protection of the individual against arbitrary action of the government." Wolff v. McDonnell, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976 (1974); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 459-460, 109 S. Ct. 1904, 1908 (1989).

A decision of the Board without some evidence in the record is an arbitrary decision. Sass v. Cal. Bd. of prison Terms, supra, 461 F.3d at 1129.

Therefore, an arbitrary decision is contrary to or it involve an unreasonable application of the clearly established law by the United States Supreme Court.

Because it is clearly established law by the United States Supreme Court that there shall be some evidence on the record to find petitioner unsuitable for parole and because the record is without evidence to find him unsuitable for parole, the finding of the state court that there was some evidence on the record is contrary to or involved an unreasonable application of the clearly established law by the United States Supreme Court.

In addition, the some evidence required by the due process in parole consideration hearings to find the prisoners unsuitable for parole the some evidence must shows the prisoner would pose an unreasonable risk of danger to society if released on parole. CCR § 2402; In re Lawrence, 59 Cal. Rptr.3d 537, 551, 570-57% (Cal. App. 2 Dist. 2007); In re Wieder, 52 Cal. Rptr.3d 147, 160 (Cal. App. 6 Dist. 2006); In re Lee, 49 Cal. Rptr. 3d 931, 936-937 (Cal. App. 2 Dist. 2006) Willis v. Kane, 485 F. Supp.2d 1126, 1135 (N.D. Cal. 2007).

Because petitioner is a rehabilitated prisoner, if there is some evidence on the unchanging factors to find him unsuitable for parole the evidence does not shows he would pose an unreasonable risk of danger to society if released from prison.

Because petitioner is a rehabilitated prisoner by holding him in prison after he was rehabilitated based on unchanging factors alone is contrary to or involved an unreasonable application of the clearly established law by the United States Supreme Court in that it requires the prisoners shall be released from prison when they are rehabilitated. Williams v. New York, 337 U.S. 241, 247, 93 L. Ed. 1337, 1342 (1949); Greenholtz v. Inmates of Nebraska, 442 U.S. 1, 10 13,14, 99 S. Ct. 2100, 2105, 2107 (1979); United States v. Grayson, 438 U.S. 41, 45, 98 S. Ct. 2610, 2613 (1978)'. McGinnis v. Royster, 410 U.S. 263, 277, 93 S. Ct. 1055, 1063 (1973).

3

By holding the focuses to release a prisoner on parole shall not be on the crime alone but rather on the rehabilitation of the prisoner the United States Supreme Court has clearly established that the Board must not consider the unchanging factors alone to find the prisoners unsuitable for parole other wise a rehabilitated prisoner will be imprisoned for the rest of his life. Petitioner is an example of that.

(c)  <u>The regulations must be reasonable, applied in a reasonable manner and not be</u>
     <u>applied arbitrarily.</u>

It is clearly established law by the United States Supreme Court that the regulations must be reasonable, applied in a reasonable manner and no be applied arbitrarily. Turner v. Safley, supra, 482 U.S. 78, 89-91, 107 S. Ct. 2254, 2262; O'Lone v. Estate of Shabazz, 482 U.S. 342, 348-351, 107 S. Ct. 2400, 2404-2406 (1987); Thornburgh v. Abbott, 490 U.S. 401, 408-419, 109 S. Ct. 1874, 1879-1885 (1989).

The Uniform Determinate Sentencing Act of 1976; Penal Code § 3041 (a) and CCR § 2401 require uniform terms for offenses of similar gravity and magnitude with respect to threat to the public.

CCR § 2403 (c) are the terms to achieve the uniformity on the sentences requirement. However, the Board has been achieving the uniformity on the sentences requirement in an unreasonable and arbitrary manner. See Petitioner's petition pages 13-16.

Therefore, by achieving the uniformity on the sentences requirement arbitrarily, and unreasonably is contrary to or involve an unreasonable application of the clearly established law by the United States Supreme Court.

(d)  <u>It is clearly established law by the United States Supreme Court that the</u>
     <u>state court shall properly apply the law of contract in  interpreting plea</u>
     <u>agreements.</u>

Under Santobello v. New York, 404 U.S. 257, 261-262 (1971) and Richetts v. Adamson, 483 U.S. 1, 107 S. Ct. 2680, 97 L. Ed.2d 1 (1987) it is clearly established law by the United States Supreme Court that the state courts in failing to properly apply state contract law when interpreting a plea agreement had engaged in an objectively unreasonable application of clearly established federal law under 28 U.S.C. § 2254 (d)(1). See also Brown v. Poole, 337 F.3d 1155, 1160, n. 2 (9th Cir. 2003); Buckley v. Terhune, 441 F.3d 695, and n. 5 (9th Cir. 2006).

The State Court failed to apply the law of contract to petitioner's plea bargain with the prosecutor. See Petitioner's petition at pages 17-36.

(e)  <u>Right to a fair warning is a clearly established law by the  UNited States Supreme Court.</u>

The California Supreme Court deprived petitioner of the right to a fair warning in that when the Court construed Penal Code § 3041 it unforeseeably and retroactively changed the law of parole consideration hearings. The fair warning is a clearly established law by the United States Supreme Court. See Bouie v. City of Columbia, 378 U.S. 347, 84 S. Ct. 1697 (1964)  See Petitioner's petition pages  37-43.


Therefore, contrary to respondent's contention every claim petitioner raised in his  federal petition is reviewable by the federal court under the AEDPA in that in each claim the State Court contrary to, or unreasonably applied the federal law as it is clearly established by the UNited States Supreme Court.


"B"


<u>Petitioner Exhausted his Federal Claims in the State Court.</u>

Even  if petitioner expanded somehow his federal claims in the Federal Petition, it does not render the claims unexhausted unless they "fundamentally alter the legal claim already considered by the State Court. Vasquez v. Helliry, 474 U.S. 254, 260, 106 S. Ct. 617, 622, 86 L. Ed.2d 598 (1986); Chacon v. Wood, 36 F.3d 1459, 1468.

"To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." Henry v. Estelle, 993 F.2d 1423, 1425 (9th Cir. 1993); Picard v. Connor, 404 U.S. 270, 277-278, 92 S. Ct. 509, 513-514 (1971).

"A habeas petitioner may, however, reformulate somewhat the claims made in state court; exhaustion requires only that the substance of the federal claim be fairly presented." Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986); Chacon v. Wood, supra, 36 F.3d 1459, 1467.

"The constitutional contention made in the federal proceeding need not be identical with the one advanced to the state court but it must be its "substantial equivalent. Fielding v. lefevre, 548 F.2d 1102, 1107 (2d Cir. 1977); Lamberti v. Wainwright, 513 F.2d 277, 281 (5th Cir. 1975).

Also it should be considered that petitioner is a Pro-Se litigant and that for purpose of exhaustion, Pro-Se petitions are held to a more lenient standards than counseled petitions. Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003).

Petitioner filed habeas corpus petitions in the California Superior Court and in the California Court of Appeals seeking relief from the Board's findings of unsuitability for parole at his 2007 parole consideration hearing. See a copy of the Courts's decisions at Exhibit "A" pages 1-4.

On April 28, 2008, petitioner filed a request for review in the California Supreme Court. See Exhibit "A" on page 5.

In his most recent petitions filed in the state courts petitioner raised all the claims that this court is reviewing in his federal petition. Therefore, any contention by respondent that petitioner failed to exhaust his federal claims in the state court would be without merit.

**"C"**

<u>Multiple Hearsay Evidence from the Probation Officer's Report does not bears</u>
<u>the indicia of reliability required by the due process in parole decisions.</u>

The determination regarding whether a hearsay statement has particularized
guarantees of trustworthiness is determined by the federal courts. Lilly v.
Virginia, 527 U.S. at 136, 119 S. Ct. at 1900.

Respondent suggests  petitioner shot the victim while petitioner was a passenger
in a car. See Respondent's Answer to Petition at page 2.

Petitioner denied that he had shot the victim while petitioner was in the car.
He admits he shot the victim but it was while petitioner was in crutches and stan-
ding outside the car. See Parole Consideration Hearing Transcript at page 26.

The evidence that petitioner was in the car while he shot the victim came from the
Probation Officer's Report.

The Probation Report is not considered evidence. See People v. Lockwood (1967)
253 Cal. App.2d 75, 81, 61 Cal. Rptr. 131, 135.

The some evidence required by the due process in parole consideration hearings
must bears some indicia of reliability. Powell v. Gomez, 33 F.3d 39, 40 (9th Cir.
1994); Biggs v. Terhune  334 F.3d 910, 915 (9th Cir. 2003); Cato v. Rushen, 824
F. 2d 703, 704-705 (9th Cir. 1987).

The evidence in the probation report does not bears the indicia of reliability in
that it is a multiple hearsay evidence. The Probation Officer wrote on the Probation
Report that the source of information was the District Attorney. The D.A. obtained
the information from the Police Report. The Police Officer obtained the information
from unknown witnesses.

"Police Reports are inherently unreliable evidence of the thruth of the allegations
because of the "personal and adversarial" relationship between police officers and
the suspects." Ash v. Reilly, 433 F. Supp.2d 37, 47 (D.D. C. 2006) Crawford v.

Jackson, 323 F.3d 123, 129 (D.C. Cir. 2003).

"Hearsay statements made by accomplice in course of plea negotiations lacked even the minimum indicia of reliability." Ash v. Reilly, supra, 433 F. Supp.2d at 49; UNited States v, Huckins, 53 F.3d 276, 279 (9th Cir. 1995).

The United States Supreme Court has held that "Due to his strong motivation to implicate the defendant and to exenorate himself, a codefendant's statement about what the defendant said or did are less credible than ordinary hearsay evidence." Lilly v. Virginia,  527 U.S. 116, 132, 119 S. Ct. 1887, 1898 (1999); Lee v. Illinois, 476 U.S. 530, 541, 106 S. Ct. 2056, 2062 (1986).

"Testimonial, unsworn statements of unidentified witnesses are considered the least reliable type of hearsay." Ash v. Reilly, supra, 433 F. Supp.2d at 41-49; U.S. v. Comito, 177 F.3d 1166, 1171 (9th Cir. 1999); U.S. v. Hall. 419 F.3d 980, 987 (9th Cir. 2005).

Under the Federal Law, multiple hearsay evidence cannot be admitted under any exception to the hearsay rule. U.S. v. Cruz, 984 F.2d 41, 44 (2 Cir. 1990). Double hearsay evidence was not reliable at a probation revocation hearing even when the Probation Officer testified at the hearing regarding the double hearsay evidence. See UNited States v. Bell, 785 F.2d 640, 644-645 (8th Cir. 1986).

Therefore, if the multiple hearsay evidence  does not fall within any hearsay exception, the proponent of the hearsay evidence has the burden of establishing the evidence bears "sufficient indicia of reliability." Idaho v. Wright, 497 U.S. 805, 816, 110 S. Ct. 3139 (1990); U.S. v. Hall, 419 F.3d at 988.

Because the evidence that petitioner shot the victim while petitioner was in the car came from the probation report, wich is a multiple hearsay evidence, it bears not indicia of reliability. And the requirement that there must be on the record some evidence which bears some indicia of reliability is not in the record.

"D"

IT is clearly established law by the United States Supreme Court that the
unchanging factors must not be considered alone to find the prisoners unsuitable
for parole.

Respondent contends the unchanging factors can be some evidence to find petitio-
ner unsuitable for parole. That there is not clearly established law by the United
States Supreme Court that relying on unchanging factors, such as the murder offens,
violates a constitutional right. See Respondent's Answer to Petition at page 10.

Petitioner concedes the Board can consider the unchanging factors to find the
prisoners unsuitable for parole but what the Board cannot do is rely on the
unchanging factors alone to find the prisoners unsuitable for parole and increase
the punishment of a second degree murder conviction to the punishment of the grea-
ter offense of first degree murder as the terms are established to achieve the
uniformity on the sentences requirement.

Petitioner contends by increasing the punishment to the greater offense violates
several fundamental constitutional rights as those rights are clearly established
by the United States Supreme Court.

It has been clearly established law by the United States Supreme Court that the
focuses to release a prisoner on parole shall be based on the rehabilitation
of the prisoner rather than on the crime he committed. Williams v. New York,
337 U.S. 241, 247, 93 L. Ed. 1337 (1949); Grennholtz v. Inmates of Nebraska,
442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 2107 (1979); United States v. grayson,
438 U.S. 41, 45, 98 S. Ct. 2610, 2613 (1978).

By holding the prisoner must be released on parole when he is rehabilitated
rather than focuses on the crime he committed the United States Supreme Court
clearly established the unchanging factors shall not be considered to find the
prisoner

unsuitable for parole or at least the Board must not rely on the unchanging

factors alone.

The finding of unsuitability for parole based on the unchanging factors alone is

contrary to or involve an unreasonable application of the clearly established law

by the United States Supreme Court in that the Court established the determination

for parole suitability to be based on a discretionary assessment of a multiplicity

of imponderables, entailing primarily what a man is and what he may become rather

than simply what he has done. Greenholtz v. Inmates of Nebraska, supra, 442 U.S. at

10, 99 S. Ct. at 2105; Board of Pardons v. Allen, 482 U.S. 369, 107 S. Ct. 2415,

n. 5 (1987).

Therefore, it is clearly established law by the United States Supreme Court that

the release of prisoners on parole shall be based on the rehabilitation of the

prisoner and not based on the unchanging factors.


(E)


By relying on unchanging factors alone to find petitioner unsuitable
for parole the Board incresed petitioner's punishment of his second degree murde r
conviction to the punishment of the greater offense of first degree murder.

It is clearly established law by the United States Supreme Court  that      when
a prison regulation or practice offends a fundamental constitutional guarantee,
federal courts will discharge their duty to protect constitutional rights.
Procunier v. Martinez, supra, 416 U.S. at 405; Turner v. Safley, supra, 482
U.S. at 84.

Petitioner was not charged nor convicted of first degree murder, he was not
sentenced to 25-years to life nor to life without the possibility of parole.
The District Attorney convicted petitioner of second degree murder beyond a reasona-
ble doubt. However, the Board by applying the unchanging circumstances and factors of
a first degree murder offense with special circumstances to petitioner's second degree

murder offense has found some evidence on the commitment offense to find petitioner unsuitable for parole and to increase the punishment of his second degree murder conviction to the punishment of the greater offense of first degree murder.

These findings of the Board has violated several of petitioner's fundamental constitutional rights as these rights are clearly established by the United States Supreme Court. See some of these rights are in Faretta v. California, 442 U.S. 802, 818, 45 L. Ed. 2d 562, 572, 95 S. Ct. 2525 (1975).

## (F)

The circumstances and factors the Board has applied to petitioner's commitment offense are the circumstances and factors to support a first degree murder offense with special circumstances and therefore none apply to petitioner's second degree murder offense.

The circumstances of the commitment offense (CCR § 2402 (c)(1)) are the circumstances of a first degree murder offense with special circumstances. Maynard v. Cartwright, 486 U.S. 356, 360, 108 S. Ct. 1853, 1857 (1988); Proffitt v. Florida, 428 U. S. 242, 255, 96 S. Ct. 2960, 2968 (1976); Walton v. Arizona, 497 U.S. 639, 654-655, 110 S. Ct. 3047, 3058 (1990); People v. Superior Court of Santa Clara County, 31 Cal.3d 797, 183, Cal. Rptr. 800 (Cal. 1982); In re Sanders, 21 Cal. 4th 697, 702, 87 Cal. Rptr.2d 899, 902-903 (Cal. 1999).

FACTOR "A" of CCR § 2402 (c)(1) is about multiple victims. This factor supports a first degree murder offense with special circumstances. Maynard v. Cartwright, supra, 486 U.S. at 358-359, 108 S. Ct. at 1856.

FACTOR "B". "The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder."

This factor supports a first degree murder offense with special circumstances. People v. Hawkins, 10 Cal. 4th 920, 956, 42 Cal. Rptr.2d 636, 656 (Cal. 1995);

People v. Bloyd, 43 Cal.3d 348, 233 Cal. Rptr. 367, 375 (Cal. 1987); People v.

Stewart, 33 Cal. 4th 425, 495, 15 Cal. Rptr.3d 656, 714 (Cal. 2004).

FACTOR "C".  "The victim was abused, defiled or mutilated during or after the

offense."

This factor is to support a first degree murder offense with special circumstances.

Richmond v. Lewis, 506 U.S. 40, 45, 113 S. Ct. 528, 533 (1992).

FACTOR "D". The offense was carried out in a manner which demonstrates an exceptio-

nally callous disregard for human suffering."

This factor is also to support a first degree murder offense with special circums-

tances. Penal Code §§ 189; 190.2 (14); Walton v. Arizona, supra, 497 U.S. at 654-

655, 110 S. Ct. at 3058; Godfrey v. Georgia, 446 U.S. 420, 421, 100 S. Ct. 1759,

1761 (1980).

Althogh it is no part of the Factors of CCR § 2402 (c)(1), without evidence to

support it the Board found that petitioner shot the victim while petitioner was a

passanger in a car. This factor supports a first degree murder offense. See Cal.

Penal Code § 189.

The circumstances and factors don't distinguish betwwen second and first degree

murder offenses. And the application of the circumstances and factors of a first

degree murder offense with special circumstances to petitioner's second degree

murder offense violates the clearly established law by the United States Supreme

Court which recognize different degrees of criminal culpability. Solem v. Helm,

463 U.S. 277, 77 L. Ed.2d 637, 651 (1983); Mullaney v. Wilbur, 421 U. 684, 697-698,

95 S. Ct. 1881, 1889 (1975); Harmelin v. Michigan, 501 U.S. 957, 996, 111 S. Ct. 2680,

2701 (1991).

By considering the circumstances and factors of a first degree murder offense with

special circumstances to petitioner's second degree murder offense, the Board turned

petitioner's sentence of 15-years to life to life without the possibility of parole

and lingering death.

Respondent contends that the unchanging factors don't lost their predictive value
and therefore they constitute some evidence to find petitioner unsuitable for parole
and to show petitioner will poses an unreasonable risk of danger to society if
released from prison. See Respondent's Answer to Petition at page 4.

If the unchanging factors don't lost their predictive value then they always will
be some evidence for the Board to find petitioner unsuitable for parole and to find
that he will pose an unreasonable risk of danger to society and therefore the
punishment of his second degree murder conviction was not only increased to 25-years
to life but to life without the possibility of parole and to lingering death. See
Rosenkrantz v. Marshall, 444 F. Supp.2d 1063, 1082, (C.D. Cal. 2006); Martin v.
Marshall, 431 F. Supp.2d 1038, 1047 (N.D. Cal. 2006).

## BILL OF ATTAINDER

The increasing of petitioner is punishment of second degree murder is also contrary
to or involve an unreasonable application to the Bill of Attainder a clearly
established law by the United States Supreme Court in United States v. Brown, 381
U.S. 437, 448-449, 85 S. Ct. 1707, 14 L. Ed.2d 484 (1965); United States v. Lovett,
328 U.S. 303, 315, 66 S. Ct. 1073, 90 L. Ed. 1252 (1946) in that the State of
California is imposing a punishment of a first degree murder to petitioner's second
degree murder conviction without a judicial trial on a first degree murder  offense.


In addition by convicting petitioner of second degree murder and eventually increa-
sing his punishmnet to the punishmnet of the greater offense of first degree murder
the state of California is convicting the defendants to an illusory second degree
murder offenses.

<u>"G"</u>

Respondent contends that there is not federal law which requires the Board to consider the uniformity of sentences when considering an inmate's suitability for parole. See Respondent's Answer to petition at p. 5 number 15.

Even if the United States Supreme Court has not established that the Matrix for the base term be considered to find the prisoners suitable for parole, by no considering the terms established in the Matrix to find petitioner suitable for parole or by applying it in an unreasonable manner to achieve the uniform terms requirement violates several of petitioner's fundamental constitutional rights, as stated  above, in that the Board's  practice in considering it increases the punishment of second degree murder offenses to the punishment of the greater offense of first degree murder. The Board's practice is that it first punish the prisoner of first degree murder punishment and if it finds the prisoner suitable for parole then it achieve the uniformity on the sentences requirement and sets the prisoner's term commensurate to his second degree murder conviction.

<u>"H"</u>

Respondent contends that Petitioner didn't presents a timely claim whne he challenges the execution of his plea agreement. See Respondent's Answer to Pet. at page 6 number 18.

Petitioner denies he is challenging the execution od his plea agreement. What petitioner's challenging is the execution of his sentence.

Petitioner had not the means to know that the punishment of his second degree murder conviction will be increased to the punishment of the greater offense of first degree murder until he had served the maximum term required by the Matrix to achieve the uniformity on the terms requirement.

14

Therefore, he could not challnge the execution of his sentence until he realized the state or the Board had increased his punishment to the punishment of the greater offense.

As far as petitioner know no state court has construed the plea agreement of an inmate who pleaded guilty to second degree murder.

According to the law petitioner's punishmnet is lessa than the 25-years to life imposed on a first degree murder conviction.

Petitioner requests his petition be granted based on the foregoing reasons.

I, Roberto Urieta, swear under penalty of perjury that the foregoing is true and correct. Signed at Soledad, California on May 18, 2008.

Roberto Urieta

15

## PROOF OF SERVICE BY MAIL
### BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013(A), 2015,5)

I, __Roberto Urieta_____, declare:

I am over 18 years of age and I am party to this action.  I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California.  My prison address is:

Roberto Urieta_____, CDCR #: __D-61987_____
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: __ZW-134_____
SOLEDAD, CA  93960-0689.

On __May 18, 2008_____, I served the attached:

__A Traverse to Respondent's Answer to Petitioner's Petition._____

_____

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined.  The envelope was addressed as follows:

United States District Court
For the Northern District of California
San Jose Division
280 South First Street, Room 2112
San Jose, California 95113-3095

DEPARTMENT OF JUSTICE
Office of Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-3664

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on __May 18, 2008_____.

__Roberto Urieta_____
Declarant

| | Reserved for Clerk's File Stamp |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Clara Shortridge Foltz Criminal Justice Center<br>210 West Temple Street<br>Los Angeles, CA  90012<br><br>PLAINTIFF/PETITIONER:<br><br>ROBERTO URIETA | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>MAR 1 0 2008<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____, Deputy<br>Joseph M. Pulido |

| **CLERK'S CERTIFICATE OF MAILING**<br>CCP, § 1013(a)<br>Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER:<br><br>BH004964 |
|---|---|

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

- [ ] Order Extending Time
- [ ] Order to Show Cause
- [ ] Order for Informal Response
- [ ] Order for Supplemental Pleading

- [x] Order re: Petition for Writ of Habeas Corpus
- [ ] Order re: Writ Error Coram Nobis
- [ ] Order re: Appointment of Counsel
- [ ] Copy of Petition for Writ of Habeas Corpus /Suitability Hearing Transcript for the Attorney General

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to the cause.  I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

March 10, 2008
DATED AND DEPOSITED

JOHN A. CLARKE, Executive Officer/Clerk

By: _____, Clerk
                 Joseph M. Pulido

Roberto Urieta
D-61987
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

Department of Justice- State of California
Office of the Attorney General
Gregory J. Marcot, Deputy Attorney General
110 West A Street, Suite 1100
San Diego, California 92101

*Exhibit A 1*

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | | |
|---|---|---|---|---|
| Date: | MARCH 5, 2008 | | | |
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 004964
In re,
ROBERTO URIETA,
      Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered the Petition for Writ of Habeas Corpus filed on October 31, 2007 by the Petitioner. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that the Petitioner presents an unreasonable risk of danger to society and is unsuitable for parole. Cal. Code Reg. Tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667.

The Petitioner was received in the Department of Corrections on July 20, 1987 after a conviction for second degree murder. The term was seven years to life in prison. His minimum parole eligibility date was May 27, 1996.

The record reflects that on June 5, 1986, the Petitioner and a few others drove in a car to buy marijuana. While there, they observed a fight and got out of their car to watch. They were told to leave because the area belonged to a gang to which they did not belong. Jose Alvir, one of the participants in the fight, joined in and told the group to leave. Claims were made that the Petitioner and his companions were from a rival gang, and Mr. Alvir then used a hammer to smash the side, rear window of their car. The Petitioner and others left by car and drove to his home, where he retrieved a firearm. They returned to the area to find Mr. Alvir. When they saw him walking down the street, the Petitioner fired three rounds at Mr. Alvir, who was killed.

The Board found the Petitioner unsuitable for parole after a parole consideration hearing held on January 10, 2007. The Petitioner was denied parole for one year. The Board concluded that the Petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if he is released. The Board based its decision primarily on the commitment offense and the Petitioner's previous criminal history.

The Court finds that there is some evidence to support the Board's finding that the commitment offense was carried out in a dispassionate and calculated manner. Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(B). The Petitioner went back to his home and retrieved a handgun and returned specifically to confront the victim. There was at least some level of premeditation in his conduct, his confrontation with the victim and the fatal shots. The motive for the crime was very trivial in relation to the offense. Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(E). The Petitioner retaliated for the smashing of a car window by gunning down the victim.

1

Exhibit A 2

Minutes Entered
03-05-08
County Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**DEPT 100**

| | | | | |
|---|---|---|---|---|
| Date: | MARCH 5, 2008 | | | |
| Honorable: | STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| | NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 004964
In re,
ROBERTO URIETA,
          Petitioner,

On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

---

The Court also finds that the Petitioner had a previous criminal history,. Cal. Code Regs., tit. 15, §2402, subd. (c)(2). The record indicates that the Petitioner committed driving a vehicle without the owner's consent and receiving stolen property, as well as the battery on a teacher as a juvenile. He was also convicted as an adult for assault on a police officer and was placed on probation for this offense.

In addition, the Board noted that the District Attorney's Office had opposed the Petitioner's release. While this is also not a factor on which the Board may rely to deny parole, such opposition may be properly considered. Penal Code § 3402.

The Board also noted several positive gains that the Petitioner has achieved while incarcerated. However, it concluded that despite these gains, the Petitioner posed an unreasonable threat to public safety at the time of its hearing. Penal Code § 3041(b).

Accordingly, the Petition is denied.

The court order is signed and filed this date. The clerk is directed to send notice.

A true copy of this minute order is sent to the petitioner via U.S. Mail as follows:

Roberto Urieta
D-61987
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960-0686

Department of Justice – State of California
Office of the Attorney General
Gregory J. Marcot, Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101

2

Minutes Entered
03-05-08
County Clerk

Exhibit A 3

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

COURT OF APPEAL - SECOND DIST.

**F I L E D**

SECOND APPELLATE DISTRICT

APR 1 7 2008

DIVISION ONE

JOSEPH A. LANE      Clerk

_____ Deputy Clerk

| | |
|---|---|
| In re | B206842 |
| ROBERT URIETA, | (L.A.S.C. No. A784725) |
| on | O R D E R |
| Habeas Corpus. | |

THE COURT*:

    The petition for writ of habeas corpus, filed April 2, 2008, has been read and considered.

    The petition is denied.

_____

*VOGEL, J., Acting P.J.     ROTHSCHILD, J.     JACKSON, J.**

_____

**    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.

*Exhibit A 4*

Roberto Urieta D-61987
P.O.BOX 689-ZW-134
Soledad, Ca. 93960

RECEIVED

APR 2 8 2008

CLERK SUPREME COURT

CALIFORNIA SUPREME COURT

SUPREME COURT
FILED

# S163070

APR 2 8 2008

Frederick K. Ohlrich Clerk

_____
DEPUTY

|  |  |
|---|---|
| Roberto Urieta | ) |
| Petitioner | ) |
|  | ) |
| v. | ) |
|  | ) |
|  | ) |
| Ben Curry, Warden | ) |
| Warden | ) |

PETITION FOR REVIEW

APPELLATE COURT CASE No. B206842

L.A. SUPERIOR COURT No. A784725

H.C. Case No. BH 004964

To the Honorable Chief Justice of the California Supreme Court and the
Associate Justices of said Court.

Petitioner Roberto Urieta hereby petition for review to consider the decision of
the California Court of Appeals, 2nd Appellate District filed on April 17, 2008.
A copy of the decision is attached hereto at Exhibit "A" on page 30.
A copy of the Los Angeles County Superior Court's decision is also attached
hereto at Exhibit "A" on pages 27-29.

Exhibit A 5

S163070

Roberto Urieta D-61987
P.O. Box 689-ZW-134
Soledad, Ca. 93960

Confidential

Legal Mail

United States District Court
For the Northern District of California
280 South First Street, Room 2112
San Jose, California 95113-3095



02 1M
0004229613
MAILED FROM ZIP CODE 93960
$ 01.51⁰
MAY 19 2008
PITNEY BOWES
UNITED ST