1
2
3
4
5
6
7

***E-FILED - 10/29/09***

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  ROBERTO URIETA,                    )    No. C 07-3935 RMW (PR)
                                       )
11              Petitioner,            )    ORDER DENYING RESPONDENT'S
                                       )    MOTION TO STAY ORDER
12    vs.                              )    GRANTING PETITION FOR WRIT OF
                                       )    HABEAS CORPUS; GRANTING
13                                     )    RESPONDENT'S REQUEST FOR A
    BEN CURRY, Warden,                 )    TEMPORARY STAY
14                                     )
                Respondent.            )
15  _____)

16
17          On October 13, 2009, the court issued an order granting habeas relief with respect to

18  petitioner's due process claim that the California Board of Prison Terms' ("Board") finding that

19  petitioner was unsuitable for parole was not supported by "some evidence."  The court ordered

    as follows:

20
21          The Board shall find petitioner suitable for parole at a hearing to be held
            within **thirty (30) days** of the finality of this decision, unless new evidence of
22          his conduct in prison or change in mental status subsequent to the September
            29, 2005 parole consideration hearing is introduced that is sufficient to
23          support a finding that petitioner currently poses an unreasonable risk of
            danger to society if released on parole; and in the absence of any such new
24          evidence showing petitioner's unsuitability for parole, the Board shall
            calculate a prison term and release date for petitioner in accordance with
25          California law.  Further, if the release date already has passed, respondent
            shall, within **ten (10) days** of the Board's hearing, release petitioner from
26          custody.  With respect to his presumptive period of parole, petitioner is to be
            credited for any time that has lapsed since the release date calculated by the
27          Board or January 27, 2006 (when a finding of suitability at the September 29,
            2005 parole consideration hearing would have become final pursuant to Cal.
28          Penal Code §§ 3041(b) and 3041.2(a)), whichever is later.  (Order at 18-19.)

Order Denying Respondent's Motion to Stay Order Granting Petition for Writ of Habeas Corpus; Granting
Respondent's Request for a Temporary Stay
P:\PRO-SE\SJ.Rmw\HC.07\Urieta935tempstay.wpd

1    Presently before the court is respondent's Motion to Stay Order Granting Petition for

2  Writ of Habeas Corpus.  In the alternative, respondent requests a temporary stay so that he may

3  seek a stay in the Ninth Circuit Court of Appeal.  Respondent requests an expedited ruling as

4  petitioner is scheduled for a parole consideration hearing on November 5, 2009.  Petitioner has

5  not filed an opposition.    For the reasons below, the court rejects respondent's arguments and

6  DENIES respondent's motion for a stay pending appeal.  However, the court GRANTS

7  respondent's alternative request for a temporary stay seeking the same in the Ninth Circuit Court

8  of Appeal.

9                                                        **DISCUSSION**

10    Respondent argues that application of the balancing test set forth in <u>Hilton v. Braunskill</u>,

11  481 U.S. 770 (1987), weighs in favor of the court granting a stay.  In support of respondent's

12  motion, he claims that he has a likelihood of success on the merits of an appeal because the

13  appropriate remedy for a due process violation is limited to a new parole consideration hearing

14  that provides due process rather than a grant of parole suitability.  Respondent goes on to argue

15  that the court's order deprived the Governor of his right to review the Board's decision prior to

16  petitioner's release.  Finally, respondent claims that the order of parole credits is unavailable

17  under California law.

18    Factors to consider in determining whether to issue a stay of release are generally the

19  same as those governing stays of civil judgments: (1) whether the stay applicant has made a

20  strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

21  irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

22  other parties interested in the proceeding; and (4) where the public interest lies.  <u>Hilton</u>, 481 U.S.

23  at 776.

24    Here, respondent has failed to establish a "strong likelihood of success on appeal."  <u>Id.</u> at

25  778.  The arguments proffered by respondent in support of his likelihood of success, in large

26  part, merely restate arguments in his answer to the petition for habeas corpus which this court

27  previously considered and rejected.

28

Order Denying Respondent's Motion to Stay Order Granting Petition for Writ of Habeas Corpus; Granting
Respondent's Request for a Temporary Stay
P:\PRO-SE\SJ.Rmw\HC.07\Urieta935tempstay.wpd    2

1    Respondent further argues that the only remedy available to petitioner after a finding that

2    a parole decision violated due process is limited to a new parole consideration hearing.  Federal

3    habeas courts have "broad discretion in conditioning a judgment granting habeas relief" and

4    "dispos[ing] of habeas corpus matters 'as law and justice require.'" Id. at 775.  The court is

5    unaware of any federal law upholding a limitation as suggestion by respondent.  See McQuillion

6    v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) (affirming district court's order requiring

7    immediate release after due process violation in parole case); see also Milot v. Haws, 628 F.

8    Supp. 2d 1152, 1159 (C.D. Cal. 2009) (ordering Board to find petitioner suitable for parole,

9    calculate a term and release date); Opalec v. Curry, 556 F. Supp. 2d 1036, 1045 (N.D. Cal. 2008)

10   (ordering Board to calculate a term and set a release date).

11   The court also rejects respondent's contention that the court cannot award petitioner

12   credit against his presumptive parole term.  The Ninth Circuit has rejected this notion in

13   McQuillion.  342 F.3d at 1015.  In McQuillion, the court rejected the argument that McQuillion

14   should not be immediately released after the grant of habeas relief; rather, argued the Warden,

15   McQuillion should be released with an accompanying period of parole.  Id.  "[The Warden's]

16   argument overlooks the fact that if McQuillion had been released on the date to which he was

17   entitled, he would have been released in May 1994.  The three-year parole, which he would have

18   been required to serve if he had been released on time, has long since expired." Id.; see also

19   Tripp v. Cate, No. C 07-5748 CW, 2009 WL 248368 at *12 (N.D. Cal. Feb. 2, 2009) (ordering

20   Board to calculate a term and set a release date based on a 2004 suitability finding,

21   notwithstanding fact that petitioner had already been released on parole in 2008).

22   Respondent's argument that the court's order "usurp[s] the Governor's right to review the

23   Board's decision" is also unavailing.  The futility of remanding a parole case for re-review when

24   a habeas court has already reviewed the evidence and found it insufficient to sustain an

25   unsuitability finding has been rejected in both the state and federal courts.  See, e.g., Blankenship

26   v. Kane, No. C 04-5450 CW, 2007 WL 2214102 at *3-4 (N.D. Cal. July 30, 2007) (relying on

27   McQuillion and California cases to conclude a remand to the Governor after already reversing

28

Order Denying Respondent's Motion to Stay Order Granting Petition for Writ of Habeas Corpus; Granting
Respondent's Request for a Temporary Stay
P:\PRO-SE\SJ.Rmw\HC.07\Urieta935tempstay.wpd      3

1    the Governor's decision rejecting the Board's parole grant would be clear error); In re Burdan,

2    169 Cal. App. 4th 18, 29 (2008).

3         Accordingly, the court concludes that the first Hilton factor weighs against staying the

4    action.

5         Respondent asserts that he will be irreparably injured because the order usurps the

6    Governor's constitutional and legislative mandates.  Further, respondent suggests that the parole

7    system will be irreparably injured because credits toward a parole term are unavailable under

8    state law.   For the reasons already stated, the court rejects these arguments.  Finally, respondent

9    asserts that the state's interest in public safety will be irreparably injured should a stay not issue.

10   However, the court's rationale in its order granting habeas relief concluded that petitioner's

11   constitutional due process right was violated and there was no reliable evidence before the Board

12   supporting its conclusion that petitioner's release posed an unreasonable risk to public safety.

13   As such, the court concludes the second Hilton factors weighs against staying the action.  For the

14   same reason, the court rejects respondent's argument regarding the fourth Hilton factor that

15   public has an interest in the Board's conclusion that petitioner remains unsuitable for parole.

16   Therefore, even assuming the third Hilton factor weighs in favor of a stay, the remaining factors

17   do not.

18                              **CONCLUSION**

19        Respondent's Motion to Stay Order Granting Petition for Writ of Habeas Corpus is

20   DENIED.  However, because respondent has demonstrated a substantial claim on the merits,

21   respondent's request in the alternative for a temporary stay to allow him to seek a stay from the

22   Ninth Circuit is GRANTED, and the court's October 13, 2009 order and judgment granting

23   habeas relief is hereby temporarily stayed for **fourteen (14) days**, to allow respondent to seek a

24   stay from the Ninth Circuit.

25        IT IS SO ORDERED.

26   DATED: __10/29/09___

27                              RONALD M. WHYTE
                               United States District Judge

28

Order Denying Respondent's Motion to Stay Order Granting Petition for Writ of Habeas Corpus; Granting
Respondent's Request for a Temporary Stay
P:\PRO-SE\SJ.Rmw\HC.07\Urieta935tempstay.wpd    4